Honorable Tim Shallenburger State Representative, 1st District 2027 Fairview Baxter Springs, Kansas 66713
Dear Representative Shallenburger:
As representative for the first district, you request our opinion regarding the interplay of K.S.A. 38-1522, the "duty to report child abuse and neglect" statute, and the privilege of nondisclosure of confidential communications within a particular factual situation.
You present the following scenerio: After entering pleas of guilty to one count of criminal sodomy (K.S.A. 1993 Supp. 21-3505) and two counts of agravated indecent liberties with a child (K.S.A. 1993 Supp. 21-3504), the court ordered a presentence report. As a part of the presentence report the court ordered a mental examination of the defendant pursuant to K.S.A. 21-2606(a). The mental examination was conducted at a community mental health center by a registered masters level psychologist practicing under the direction of a licensed psychologist. During the course of the evaluation the defendant disclosed in excess of forty additional victims who were not the subjects of the original charges.
In light of this situation you pose the following questions:
 "1. When admission to illegal sexual acts are disclosed during the course of an evaluation for suitability for outpatient sexual offender treatment or during a court ordered presentence evaluation, is the examiner obligated by law to report those incidents to the proper authority?
 "2. If not legally obligated to report such incidents, would it be considered a breech of confidentiality if a report is made? Is there a difference if a court orders an evaluation? Is there a difference whether a social worker or masters level psychologist performs the evaluation?"
The court-ordered mental examination in issue was conducted at a community mental health center which is a treatment facility pursuant to the confidential communications and information act, K.S.A. 65-5601 etseq. A person who is examined or interviewed at a treatment facility has a privilege to prevent treatment personnel from disclosing any confidential communications made for the purposes of diagnosis or treatment of the patient's mental, alcoholic, drug dependency or emotional condition. K.S.A. 65-5602. Any employee of a treatment facility is considered to be treatment personnel. K.S.A. 65-5601(b) and (c). However this privilege of nondisclusure of confidential communications is not absolute. K.S.A. 65-5603(a) lists thirteen exceptions to this privilege, one of which is pertinent to this opinion. Specifically, the privilege to prevent disclosure does not extend to:
 "any communication which forms the substance of information which the treatment personnel or the patient is required by law to report to a public office, unless the statute requiring the report or record specifically provides that the information shall not be disclosed;" K.S.A. 65-5203(a)(4).
This exception clearly permits disclosure of otherwise confidential communications if such is information which treatment personnel are required to report. K.S.A. 38-1522 requires specified persons to promptly report any suspicision "that a child has been injured as a result of physical, mental or emotional abuse or neglect or sexual abuse." (Depending upon the circumstances the report is required to be made to the state department of social and rehabilitation services, the appropriate law enforcement agency or the attorney general.) While licensed psychologists and licensed social workers are among the persons specified by K.S.A. 38-1522 as falling within this mandatory reporting obligation, registered masters level psychologists are not listed. However, in the situation presented the registered masters level psychologist worked under the direction of a licensed psychologist who is required to report suspected abuse and neglect of children.
In conclusion, a licensed psychologist (who directs the practice of a registered masters level psychologist) or a licensed social worker employed at a treatment facility is required to report incidents of child abuse or neglect which are disclosed during an examination or interview. This requirement is applicable to communications made by a criminal defendant during the course of a court-ordered mental examination conducted at a treatment facility as well as to other communications made by a patient of the treatment facility. Because of a specific statutory exception, the reporting of such incidents is not considered a breech of the patient's privilege of confidentiality.
Please be advised that the foregoing conclusion is premised on the specific facts presented. While a different set of facts might result in a similar conclusion, we have analyzed only the statutes applicable to the situation presented.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas